UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES METAL TRADES COUNCIL**     **CIVIL ACTION NO.:**
            **Plaintiff**

                                                                **JUDGE:**
versus
                                                                **MAGISTRATE:**
**CHEMTURA CORPORATION d/b/a BIOLAB,**
**INC., a chemical company**
            **Defendant**

## COMPLAINT

### Nature of Action

1. Plaintiff Lake Charles Metal Trades Council ("LCMTC"), a labor organization, through counsel, brings this complaint seeking an order compelling defendant Chemtura Corporation d/b/a BioLab, Inc., a Chemtura Company ("BioLab") to arbitrate a certain grievance or labor dispute.

2. LCMTC is an unincorporated association and a labor organization within the meaning of NLRA Section 2(5), 29 U.S.C. § 152(5). It is the exclusive bargaining representative of production and maintenance employees employed by BioLab at its Westlake, Louisiana plant and facilities.

3. BioLab is a division of Chemtura Corporation. Biolab's principal place of business is Lawrenceville, Georgia. It operates a chemical products production plant in Westlake, Louisiana.

**Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court by Section 301(a) of the Labor Management Relations Act, 29 USC § 185(a). Venue is proper as the parties do business in this District and all the material events giving rise to this complaint occurred in this District.

**Facts**

5. LCMTC and BioLab are signatory to a collective bargaining agreement effective August 15, 2008 through August 15, 2013.

6. Additionally, the parties executed and are bound by a written Return to Work Procedures Agreement, which resolved an economic strike conducted by LCMTC.

7. Since the resolution of the strike and during the course and term of the current collective bargaining agreement, a dispute arose with respect to the accrual of vacation benefits for bargaining unit employees for periods of time covered by the current and prior collective bargaining agreements.

8. The bargaining agreement provides, <u>inter alia</u>, for the adjustment of workplace grievances and disputes through a grievance procedure, which culminates in binding arbitration.

9. LCMTC has formally grieved the vacation benefits dispute.

10. BioLab has rejected the grievance, but refuses to arbitrate the dispute.

11. The underlying grievance is arbitrable both procedurally and substantively.

**Relief Sought**

12. BioLab has arbitrarily refused to proceed to final and binding arbitration of its dispute with LCMTC regarding the accrual of vacation benefits due to unit employees.

13. LCMTC is entitled to an order or orders compelling BioLab to proceed to final and binding arbitration of its dispute with LCMTC under the terms and conditions of its collective bargaining agreement with LCMTC and the Return of Work Procedure Agreement.

14. LCMTC further seeks an award of fees and costs.

WHEREFORE, LCMTC prays for the relief sought above and, after trial, an order or injunction compelling BioLab to proceed to arbitration to resolve the above described grievance and labor dispute.

Respectfully submitted,

ROBEIN, URANN,
   SPENCER, PICARD & CANGEMI, APLC

s/Louis L. ROBEIN, JR.
Louis L. Robein, Jr. (LA Bar No. 11307)
Kevin R. Mason (LA Bar No. 31394)
2540 Severn Avenue, Suite 400
Metairie, LA  70002
Phone: 504.885.9994
Fax:     504.885.9969
Email:  lrobein@ruspclaw.com

Counsel for Plaintiff

PLEASE SERVE:
**Chemtura Corporation d/b/a Biolab, Inc., a chemical company,
through its Registered Agent in Louisiana,
Corporation Service Company**
320 Somerulos Street
Baton Rouge, LA  70802
via UPS Overnight Delivery;

**and through its Attorney,
Joseph A. Turzi**
DLA Piper U.S. L.L.P.
500 8th St. NW
Washington, D.C. 20004
via Notice of Lawsuit and Waiver of Service of Summons